UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAY FOLSE,

          Plaintiff,

v.                                  CIVIL ACTION NO.   2:22-cv-00171

JOHN McCUSKEY JR., et al.,

          Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Defendants' motions to dismiss Plaintiff's Complaint (ECF Nos. 7, 9, 13, 17, 22, 27), and the motions for more definite statement filed by Defendants Stephen Connolly (ECF No. 11), Lisa Hopkins (ECF No. 15), and Michael Nusbaum (ECF No. 19). As addressed by contemporaneous Order, the undersigned has granted Plaintiff's *Motion for Leave to File Amended Complaint* (ECF No. 25), ordering Plaintiff's proposed *Amended Complaint* (ECF No. 24) be entered as the operative pleading in this matter. Consequently, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the pending motions to dismiss (ECF Nos. 7, 9, 13, 17, 22, 27) and motions for more definite statement (ECF Nos. 11, 15, 19) (collectively referred to as "Defendants' Rule 12 motions").

## I. DISCUSSION

Plaintiff filed his original Complaint on April 8, 2022, and each of the named Defendants were timely served with process on April 14, 2022. (ECF Nos. 1, 6.) Thereafter, on May 4, 2022, and May 5, 2022, Defendants timely filed motions to dismiss the Complaint as to Defendants John B. McCuskey, G. Russell Rollyson, Jr., Lisa Hopkins, Stephen Connolly, and Michael Nusbaum (collectively, the "Auditor Defendants") (ECF Nos. 7, 9, 11, 13, 17, 19, 22), as well as motions for more definite statement as to three of the Auditor Defendants—Stephen Connolly, Lisa Hopkins, and Michael Nusbaum (ECF Nos. 11, 15, 19).[1] Plaintiff did not file any memorandum/memoranda or other materials in response to Defendants' motions within the 14-day deadline set forth pursuant to Rule 7.1(a)(7) of the Court's Local Rules of Civil Procedure.

Plaintiff filed an *Amended Complaint* (ECF No. 24) on May 31, 2022, which was more than 21 days after the Auditor Defendants' service of their Rule 12 motions; further, Plaintiff had not obtained either the Defendants' written consent or the Court's leave to amend his Complaint. *See* Fed. R. Civ. P. 15(a)(1) (providing that "[a] party may amend [his] pleading once as a matter of course" without leave so long as—relevant to this matter—the amended pleading is filed "within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)"); Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave"). However, thereafter on June 6, 2022, Plaintiff filed his *Motion for Leave to Amend* (ECF No. 25), seeking the Court's leave to amend the original Complaint (ECF No. 1) with his proposed Amended Complaint (ECF No. 24).

---

[1] Defendants Kevin Foreman and Wallace Looney also filed a *Motion to Dismiss Complaint* out of time on July 26, 2022. (ECF No. 27.)

This district's operative Pro Se Handbook advises *pro se* parties that they are "responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." Pro Se Handbook, at §§ 2.3, 4. The Handbook further advises that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Nonetheless, a *pro se* plaintiff's obligations to familiarize himself with the applicable rules must be balanced against this Court's "liberal" construction of a *pro se* plaintiff's allegations. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). Further, the Federal Rules of Civil Procedure provide that the Court "should freely give leave" to a party to amend his or her pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend" a deficient complaint. *Smith v. Virginia,* No. 3:08-cv-800, 2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)). Even "if it appears to a certainty that plaintiff cannot state a claim[,] [t]he better practice is to allow at least one amendment." *Ostrzenski,* 177 F.3d at 253. The Fourth Circuit's supporting rationale is that, "regardless of how unpromising the initial pleading appears[,] . . . except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." *Id.*

Based upon this authority, and Defendants' counsel indicating to the undersigned that they had no objection to Plaintiff's proposed amendment, the undersigned granted Plaintiff's motion by a separate, contemporaneous Order, directing the Clerk of Court to

enter the May 31, 2022 *Amended Complaint* as the operative pleading on the record. Under this highly-deferential *pro se* standard, therefore, Defendants' Rule 12 motions as to the original Complaint are moot, and it is proper to dismiss them without prejudice. *See Int'l Union, United Mine Workers of Am. v. Consol. Energy, Inc.*, 1:16-cv-12506, 2017 WL 8777457, at *1 (S.D. W. Va. Sept. 11, 2017) (explaining that "a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint").

### III. RECOMMENDATION

Due to leave being granted to Plaintiff to amend his complaint, to which new responsive pleadings will be required, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the Defendants' pending Rule 12 motions (ECF Nos. 7, 9, 11, 13, 15, 17, 19, 22, 27), and leave this matter referred to the undersigned for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of

appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff, and to transmit a copy to counsel of record.

Enter: September 23, 2022

Dwane L. Tinsley
United States Magistrate Judge