```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JAY FOLSE,

    Plaintiff,

v.                                     Civil Action No. 2:22-cv-00171

JOHN MCCUSKEY JR, in his individual
and official capacities,
G. RUSSELL ROLLYSON, JR., in his individual
and official capacities,
WALLACE LOONEY, in his individual
and official capacities,
LISA HOPKINS, in her individual
and official capacities,
STEPHEN CONNOLLY, in his individual
and official capacities,
MICHAEL NUSBAUM, in his individual
and official capacities, and
KEVIN FOREMAN, in his individual
and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Jay Folse's **pro se** filing entitled "Plaintiff's Objections to Proposed Findings and Recommendations [("PF&R")]," filed April 18, 2025. ECF No. 108. Therein, plaintiff objects to United States Magistrate Judge Dwane Tinsley's order of April 4, 2025. ECF No. 104. The reference in the title to a PF&R is a misnomer inasmuch as there is no PF&R at issue. Rather, the objection relates to an order

of the magistrate judge on a non-dispositive motion, which objection is one that is more nearly akin to an appeal to the district judge, being brought under Rule 72 of the Federal Rules of Civil Procedure.

In his order of April 4, 2025, Judge Tinsley granted defendants' "Motion for Enforcement of the Court's February 5, 2025 Order," (ECF No. 102), which motion was filed on March 7, 2025, by the defendants John B. McCuskey, G. Russell Rollyson, Jr., Lisa Hopkins, Stephen Connolly, and Michael Nusbaum, all of whom were at all relevant times associated with the West Virginia State Auditor's Office ("WVSAO") (collectively, "defendants").[1]

The defendants filed a response in opposition to plaintiff's objections on April 25, 2025. ECF No. 109. The plaintiff has not filed a reply.

I. BACKGROUND

Plaintiff filed a pro se complaint on April 8, 2022, (ECF No. 1), followed by an Amended Complaint on May 31, 2022,

---

[1] Defendants Foreman and Looney are with the West Virginia Capitol Police and represented by separate counsel and are not parties to the pending motion. Defendant John B. McCuskey was Auditor of the State of West Virginia, until his election as Attorney General of the State of West Virginia, an office he assumed on January 1, 2025.

(ECF No. 32). He remains pro se. Plaintiff in the operative Amended Complaint alleges "deprivation of his constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and state law claims for intentional infliction of emotional distress and economic damages." Id. at 1.

Defendants McCuskey, Rollyson, Hopkins, Connolly, and Nusbaum, by counsel, filed an answer to the amended complaint on September 20, 2023. ECF No. 62. Defendants Foreman and Looney, by separate counsel, filed an answer to the amended complaint on September 21, 2023. ECF No. 63.

At all relevant times, defendant McCuskey was the Auditor for the State of West Virginia; defendant Rollyson was the Deputy Commissioner of Delinquent and Non-entered Lands (an agent of the West Virginia State Auditor); defendant Looney was sergeant to the West Virginia Capitol police; defendant Hopkins was the Senior Deputy Commissioner of Securities and General Counsel for the WVSAO; defendant Connolly was Deputy State Auditor and General Counsel for the WVSAO; defendant Nusbaum was Associate General Counsel and Senior Regulatory Counsel for the WVSAO; and defendant Foreman was the Director of the West Virginia Capitol Police. See ECF No. 8 at 2.

Plaintiff's allegations stem from interactions between plaintiff and the defendants in connection with plaintiff's purchase of tax liens from the WVSAO. See ECF No. 32 at ¶¶5-12, 16-42. After a years-long breakdown of relationship between plaintiff and the WVSAO, on August 12, 2021, defendant Rollyson filed a petition with the Magistrate Court of Kanawha County, West Virginia, for the issuance of a Personal Safety Order ("PSO") against plaintiff, wherein Rollyson stated that the PSO was necessary because plaintiff made "repeated credible threats of bodily injury knowing or having reason to know that the threats caused reasonable fear for safety in violation of *West Virginia Code § 53-8-4(a)(3)*." ECF No. 22-3 at 2.

The Kanawha County Magistrate Court issued the PSO on August 20, 2021. See ECF No. 22-3 at 3. The PSO included various restrictions, including that plaintiff "refrain from contacting, attempting to contact, or harassing" defendant Rollyson, to stay away from his "place of employment," and it required that plaintiff "shall not have verbal contact with the WVSAO or the General Counsel," and that "[a]ll communication shall be via email or USPS." Id. at 2-3. The PSO was to expire after one year on August 20, 2022. Id. at 3.

Plaintiff appealed the PSO to the Kanawha County Circuit Court which affirmed the PSO after plaintiff failed to

4

appear for a scheduled hearing. See ECF No. 56-1 at 3. He appealed to the Supreme Court of Appeals of West Virginia, which affirmed the circuit court order. Id. at 4. The PSO expired pursuant to its terms on August 20, 2022. See id.

Plaintiff alleges that "the Defendants collectively conspired to file for a [PSO] for the improper purpose to exclude the [p]laintiff from tax sales, to bar him from obtaining tax deeds to properties he already purchased, and to put him in a catch 22 situation where he would be forced to either violate a [PSO] or lose his investment of hundreds of thousands of dollars." ECF No. 32 at ¶ 43.

Leading up to the magistrate judge's order of April 4, 2025, plaintiff filed on April 1, 2024, a Notice of Deposition of John McCuskey, Jr. ECF No. 75. Therein, plaintiff sought to schedule the deposition of defendant McCuskey on a specific date and time but included no location. Id. Defendants filed, on April 4, 2024, a motion to quash the noticed deposition, asserting that the notice was deficient inasmuch as plaintiff unilaterally scheduled the deposition at a time when defendants were unavailable, and that plaintiff was seeking to depose defendant McCuskey for an improper purpose. See ECF No. 78.

Judge Tinsley entered an order on April 5, 2024, staying the noticed deposition pending adjudication of

defendants' motion to quash. ECF No. 79. Judge Tinsley's order required plaintiff to file any response to the defendants' motion on or before Friday, April 12, 2024. See id. Judge Tinsley entered a subsequent order on April 9, 2024, wherein he further required plaintiff to serve a courtesy copy of his response via email, "contemporaneously with his filing of the . . . response[.]" ECF No. 80. Plaintiff did not comply with the instructions regarding plaintiff's obligations under the accelerated briefing schedule and instead filed a response on April 22, 2024, in which he did not acknowledge the lateness of his filing and argued that he should be permitted to depose defendant McCuskey. ECF No. 85.

Judge Tinsley entered an order on February 5, 2025, in which he reviewed the parties' well-documented and longstanding history of interpersonal conflict. In view of all the circumstances, Judge Tinsley aptly concluded that defendants' motion to quash should be and was granted insofar as it sought to quash the deposition of defendant McCuskey by oral administration under Rule 30 and otherwise denied it so as to permit plaintiff to depose defendant McCuskey by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure or, alternatively, by written interrogatories pursuant to Rule 33. ECF No. 101; see also Fed. R. Civ. P. 31, 33.

Judge Tinsley's order of February 5, 2025, stated:

> Plaintiff is granted permission to take the written deposition of Defendant McCuskey pursuant to the procedures set forth in Rule 31 of the Federal Rules of Civil Procedure, or alternatively, Plaintiff may propound written interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure. Plaintiff is ORDERED to either propound his Interrogatories, or to serve a Notice in accordance with Rule 31(a)(3), and to otherwise make the arrangements for this discovery, by no later than <u>4:00 p.m. EST</u> on <u>Monday, February 24, 2025</u>.

<u>Id.</u> at 16. The plaintiff did not file an objection to this order.

After the 14-day objections period for that order elapsed,[2] during which plaintiff did not object to the February 5, 2025 order, the plaintiff did not serve a notice of deposition in accordance with Rule 31, nor did he file Rule 33 written interrogatories, by February 24, 2025, as directed by Judge Tinsley's order. Neither has plaintiff done so at any subsequent time.

Rather, the plaintiff sent an email to defendant McCuskey's counsel (though he has claimed it was by U.S. Mail) at 6:32 p.m. on February 24, 2025, entitled Notice of Deposition

---

[2] <u>See</u> Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [an] order within 14 days after being served with a copy.").

of John McCuskey Jr. ECF No. 103. The notice bore a case caption and reflected plaintiff's signature and contact information. Id. Although the notice attempt was 2 ½ hours late, it substantially complied with the prescribed 4:00 deadline, but otherwise failed to meet the requirements of Rule 31. The body of the notice stated in full:

> PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(1), Jay Folse, will take the deposition upon written examination of John McCuskey Jr. at 10:00 am on March 12th before a Notary Public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic means.

Id. No written questions were included with plaintiff's notice nor served on the other parties, as is required by Rule 31(a)(3). Also missing was the required name or descriptive title and the address of the officer before whom the deposition would be taken. See Fed. R. Civ. P. 31(a)(3).

On March 7, 2025, defendants filed a motion entitled "Motion for Enforcement of the Court's February 5, 2025 Order," in which the moving defendants requested an order (1) finding that plaintiff has waived his opportunity to depose the defendant McCuskey, and (2) relieving defendant McCuskey from any obligation to respond to a notice of deposition issued by plaintiff. ECF No. 102 at 7.

On April 4, 2025, Judge Tinsley entered an order granting defendants' motion to enforce, finding that plaintiff waived his opportunity to depose defendant McCuskey and relieving him from any obligation to respond to the notice of deposition from plaintiff inasmuch as plaintiff did not comply with Judge Tinsley's February 5, 2025, order by virtue of his failure to follow the procedural requirements under Rule 31 of the Federal Rules of Civil Procedure.  ECF No. 104.  It is to this order that the plaintiff objects.

The court notes that Judge Tinsley entered another order on April 8, 2025, directing plaintiff to file any objections to the April 4, 2025, order by April 25, 2025, and noticing plaintiff that oral, __ex parte__ objections to the merits of the April 4, 2025, order and baseless accusations against defendants' counsel – which plaintiff made to Judge Tinsley's chambers via emails and phone calls – were improper.  __See__ ECF No. 106.  Judge Tinsley further took judicial notice that plaintiff had recently been sanctioned by another United States Magistrate Judge for similar conduct.  __Id.__ at 3 (citing __Folse v. Kanawha Cty. Comm'n__, 2:22-cv-00435, ECF No. 134 (S.D. W. Va. Mar. 19, 2025) (Aboulhosn, M.J.)).

Judge Tinsley provided clear instructions in the April 8, 2025, order, which he concluded with the following emphasis:

> **Plaintiff is hereby NOTIFIED that any further ex parte communications to the undersigned's chambers in violation of this order WILL result in the undersigned's recommendation to the presiding District Judge that this civil action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

Id. at 4.

Judge Tinsley noted his experience with the plaintiff and described him as "a particularly experienced litigant" who abuses "his pro-se status" as "a 'free pass' to engage in abusive litigation misconduct." Id. (citing Folse v. Am. Elec. Power Serv. Corp., No. 2:23-cv-00201, 2024 U.S. Dist. LEXIS 46229, *2-3; 2024 WL 1147790 (S.D. W. Va. March 15, 2024) (Tinsley, M.J.)).

Indeed, plaintiff has informed the court that he "is currently in law school.  He is currently completing academic assignments and preparing for finals."[3]  ECF No. 111 at 1.

## II. LEGAL STANDARD

A district court may refer nondispositive, pretrial matters to a magistrate judge for decision.  28 U.S.C. § 636(b)(1994).  The district court must consider timely objections and modify or set aside any part of the magistrate judge's order

---

[3] Plaintiff has recently delivered oral arguments as a pro se litigant before the Supreme Court of Appeals of West Virginia on March 18, 2025.  See https://www.courtswv.gov/appellate-courts/supreme-court-of-appeals/current-docket/march.

that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

### III. ANALYSIS

A. The order of April 4, 2025, resolved nondispositive discovery questions.

A motion is nondispositive when it does not "resolve the substantive claims for relief alleged in the pleadings." Batiste v. Catoe, 27 F. App'x 158, 159 (4th Cir. 2001) (citing Maisonville v. F2 Am., 902 F.2d 746, 747–48 (9th Cir. 1990) (holding that "dispositive" motions are limited to the listing contained in § 636(b)(1)(A)). Discovery issues are nondispositive issues. See In re Bryson, 406 F.3d 284, 287-87 (4th Cir. 2005) (concluding that discovery rulings or sanction orders are "clearly interlocutory decisions" that are generally not immediately appealable to the circuit court of appeals unless "a district court announces a decision that would be appealable if immediately followed by entry of judgment.") (emphasis in original) (additional citation omitted).

Judge Tinsley's order of April 4, 2025, addressed the discovery issue of plaintiff's failure to comply with previously ordered deposition parameters and procedural requirements under Rule 31. See ECF No. 104. Plaintiff's objections are to

nondispositive issues that are to be scrutinized under clear error and contrary to law standards.

B. Many of plaintiff's objections were untimely.

As earlier noted, the Federal Rules of Civil Procedure establish that "[a] party may serve and file objections to [an] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Moreover, "[a] party may not assign as error a defect in the order not timely objected to." Id.

Many of plaintiff's objections relate to the substance of the order of February 5, 2025, to which plaintiff did not object. For example, plaintiff generally objects to Judge Tinsley's requirement to the extent that plaintiff's deposition of defendant McCuskey be governed by Rule 31. See Pl.'s Obj., ECF No. 108 at 3. Plaintiff states that he "strongly disagrees with the [magistrate judge] on only being able to take the deposition by written questions and not orally" and asserts that written deposition questions "are not likely to be fruitful." Id.

Plaintiff spends the majority of his objections attacking the credibility, professionalism, and ethics of defendant McCuskey's attorney, specifically as her conduct related to plaintiff's original deposition notice which preceded

the defendants' motion to quash and the February 5, 2025, order. See id. Plaintiff's objection to defendant McCuskey's attorney's conduct related to the original deposition notice goes to the substance of the February 5, 2025, order, to which plaintiff did not object, and is thus untimely.

Plaintiff further baselessly suggests more than once that Magistrate Judge Tinsley has generally acted with bias by favoring the defendants in this case. Id. at 3-5. Plaintiff stated in his objection that Judge Tinsley has a history of "ignore[ing] and gloss[ing] over blatant lies" of the defendants. ECF No. 108 at 4.

Plaintiff's objections regarding Magistrate Judge Tinsley's supposed bias are frivolous. Plaintiff substantially prevailed in his endeavor to depose defendant McCuskey, despite his first deficient deposition notice, when Judge Tinsley granted plaintiff leave in the February 5, 2025, order to depose defendant McCuskey by written deposition questions or written interrogatories. Plaintiff's failure to abide by the procedure to accomplish the deposition resulted in the consequences described in the April 4, 2025, order.

The court further notes plaintiff's pattern of filing court documents containing "unfounded accusations against opposing parties and their counsel" which other judges have

13

deemed "dishonest and unethical . . . not only grossly disrespectful, but [] unprofessional, and conduct unbecoming of a future lawyer."  Folse v. Kanawha Cty. Comm'n, 2:22-cv-00435, ECF No. 134 (S.D. W. Va. Mar. 19, 2025) (Aboulhosn, M.J.).

Plaintiff also includes a single line in his objections indicating that his accidental failure to provide a location on his original deposition notice to defendant McCuskey's attorney "may be partly attributed to [plaintiff] being diagnosed with a mild cognitive impairment which he is still recovering from."  ECF No. 108 at 11.  Plaintiff's statement is limited to his failure to properly notice defendant McCuskey, which goes to the substance of the February 5, 2025, order, and is thus untimely.  However, even if the court were to consider plaintiff's untimely objection, the court notes that plaintiff fails to provide any support to his statement that he has been diagnosed with a mild cognitive impairment or how that impairment impacted his ability to abide by Judge Tinsley's February 5, 2025, order.

Inasmuch as plaintiff failed to timely object to the order of February 5, 2025, any objection thereto is untimely and waived.  See Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017).

      **C. Plaintiff has not established that the nondispositive rulings contained in Judge Tinsley's order of April 4, 2025, were clearly erroneous or contrary to law.**

Plaintiff's remaining objections to the April 4, 2025, order assert that (1) plaintiff provided written deposition questions to a court reporter, ECF No. 108 at 10; (2) plaintiff was confused as a pro se litigant about the requirements of Rule 31, id.; and (3) the fourteen-day time to respond to defendant's motion to enforce was "not practicable" due to mail delays, id. at 6-7.

      1. **Email to Court Reporter**

Plaintiff's objection on the basis that he "gave the questions to the court reporter in an email," id. at 10, is unsupported, and service on a court reporter would nevertheless be improper under Rule 31. Rule 31 requires a party wishing to depose a person by written questions to "serve them on every other party, with a notice stating, if known, the deponent's name and address." Fed. R. Civ. P. 31(a)(3).

Even if plaintiff could show that he provided his written questions to a court reporter, he still failed to abide by the clear requirements of Rule 31.

Accordingly, Judge Tinsley's conclusion that plaintiff failed to follow the specific procedural requirements of Rule 31 is sound.

2. Status as a *pro* *se* litigant

Plaintiff asserts that he was confused by the language of Rule 31 and unaware that he was required to include the questions to be asked along with the deposition notice. ECF No. 107 at 9-10. He states that he "should not be penalized for making a mistake," and that "[s]urely, the procedural confusion of a pro se litigant should not warrant prohibiting him from conducting a deposition." Id. at 10.

Judge Tinsley enumerated in the February 5, 2025, order the clear procedure that plaintiff was to follow if he wished to conduct a deposition of defendant McCuskey and specified that plaintiff could seek an extension of time upon a showing of good cause. See ECF No. 101. Judge Tinsley provided clear instructions and advised plaintiff of the consequences if he failed to conform with them. The order stated:

> (1) Defendants' *Motion of Defendants to Quash the Unilaterally Noticed "Notice of Deposition of John McCuskey, Jr."* (ECF No. 78) is GRANTED IN PART and DENIED IN PART, as set forth above;
>
> (2) Plaintiff is granted permission to take the written deposition of Defendant McCuskey pursuant to the procedures set forth in Rule 31 of the Federal

16

> Rules of Civil Procedure, or alternatively, Plaintiff
> may propound written interrogatories in accordance
> with Rule 33 of the Federal Rules of Civil Procedure.
> Plaintiff is ORDERED to either propound his
> Interrogatories, or to serve a Notice in accordance
> with Rule 31(a)(3), and to otherwise make the
> arrangements for this discovery, by no later than <u>4:00
> p.m. EST</u> on <u>Monday, February 24, 2025</u>;
>
> (3) Plaintiff is ORDERED to complete this additional
> discovery by no later than <u>4:00 p.m. EST</u> on <u>Monday,
> April 28, 2025</u>; and
>
> (4) This civil action is hereby STAYED through that
> date to permit Plaintiff to comply with the Court's
> directives herein.
>
> Plaintiff is hereby NOTIFIED that failure to timely
> comply with the directives of this *Order* WILL result
> in the undersigned's finding that Plaintiff has waived
> the discovery sought. Plaintiff is further NOTIFIED
> that no extensions of time will be granted except on a
> showing of good cause, made in advance of the
> deadline.

<u>Id.</u> at 16.

Plaintiff's assertion that, though he read Rule 31, the rule "is confusing," <u>id.</u> at 10, is disingenuous. While plaintiff is correct that <u>pro se</u> litigants are generally afforded leeway regarding litigation errors, the court notes the well-documented history of plaintiff filing numerous lawsuits in this District, his recent argument at the Supreme Court of Appeals of West Virginia, and his self-identification as a law student. Accordingly, Judge Tinsley had reason to conclude that plaintiff's <u>pro se</u> status should not justify his failure to abide by the clear directives of the order of February 5, 2025.

17

While the Rule 31 process is cumbersome, the magistrate judge found for good reason that the limited option of either Rule 31 or Rule 33 was, in light of the history of this case and this plaintiff, the appropriate discovery path for plaintiff to follow with respect to the deposition sought of defendant McCuskey.

### 3. Mail Delays

Plaintiff's further assertion that the deadline of April 18, 2025, in which to respond to the April 4, 2025, order was "not practicable" because "mail is often significantly delayed" is similarly disingenuous inasmuch as plaintiff called Judge Tinsley's office about the order on April 7, 2025, thereby showing that he received the order within three days of its entry.  See ECF No. 106.  Indeed, his objections were filed on April 18, 2025.  ECF No. 108.  Plaintiff's general complaint that "short timeframes do not work for pro se litigants" lacks support or specificity and it thus requires no further consideration from the court.

For the foregoing reasons, plaintiff has failed to establish clear error in the objected-to April 4, 2025, order.

## IV. CONCLUSION

Finding that Magistrate Judge Tinsley's order of April 4, 2025, is neither clearly erroneous nor contrary to law, the court OVERRULES plaintiff's objection of April 18, 2025, (ECF No. 108), and AFFIRMS the magistrate judge's order granting the Motion for Enforcement of the Court's February 5, 2025 Order and deeming plaintiff's deposition of defendant McCuskey waived, (ECF No. 104).

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 14, 2025

John T. Copenhaver, Jr.
Senior United States District Judge