UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


JAY FOLSE,

      Plaintiff,

v.                        Civil Action No. 2:22-cv-00171

JOHN MCCUSKEY JR, in his individual
and official capacities,
G. RUSSELL ROLLYSON, JR., in his individual
and official capacities,
WALLACE LOONEY, in his individual
and official capacities,
LISA HOPKINS, in her individual
and official capacities,
STEPHEN CONNOLLY, in his individual
and official capacities,
MICHAEL NUSBAUM, in his individual
and official capacities, and
KEVIN FOREMAN, in his individual
and official capacities,


      Defendants.


## MEMORANDUM OPINION AND ORDER


      Pending is Magistrate Judge Tinsley's Proposed
Findings and Recommendation ("PF&R") (ECF No. 115), filed on May
14, 2025, and plaintiff Jay Folse's objections thereto (ECF No.
119), filed on June 2, 2025, relating to the following:
plaintiff's pro se "Motion for Discovery Sanctions Against
Defendants Rollyson and McCuskey" (ECF No. 107), filed on April
18, 2025; "Motion for Summary Judgment" (ECF No. 86), filed by

defendants Kevin Foreman and Wallace Looney on May 24, 2025; and "Defendants' Motion for Summary Judgment" (ECF No. 88), filed by defendants John B. McCuskey, Jr., G. Russell Rollyson, Jr., Lisa Hopkins, Stephen Connolly, and Michael Nusbaum on May 24, 2025.

## I. BACKGROUND

Plaintiff filed a pro se complaint (ECF No. 1) on April 8, 2022, followed by an amended complaint (ECF No. 32) on May 31, 2022.  He remains pro se.  Plaintiff in the operative amended complaint alleges "deprivation of his constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and state law claims for intentional infliction of emotional distress and economic damages."  ECF No. 32 at 1.  He brings this Section 1983 action for false arrest, malicious prosecution, and retaliatory arrest and prosecution. Id.

Defendants McCuskey, Rollyson, Hopkins, Connolly, and Nusbaum, by counsel, filed an answer to the amended complaint (ECF No. 62) on September 20, 2023.  Defendants Foreman and Looney, by separate counsel, filed an answer (ECF No. 63) to the amended complaint on September 21, 2023.

At all relevant times, defendant McCuskey was the Auditor for the State of West Virginia; defendant Rollyson was the Deputy Commissioner of Delinquent and Non-entered Lands (an

2

agent of the West Virginia State Auditor); defendant Looney was

a sergeant with the West Virginia Capitol Police; defendant

Hopkins was the Senior Deputy Commissioner of Securities and

General Counsel for the West Virginia State Auditor's Office

("WVSAO"); defendant Connolly was Deputy State Auditor and

General Counsel for the WVSAO; defendant Nusbaum was Associate

General Counsel and Senior Regulatory Counsel for the WVSAO; and

defendant Foreman was the Director of the West Virginia Capitol

Police.  <u>See</u> ECF No. 8 at 2.

### A.

Plaintiff's allegations stem from interactions between

plaintiff and defendants in connection with plaintiff's purchase

of tax liens from the WVSAO.  <u>See</u> ECF No. 32 at ¶¶5-12, 16-42.

After a years-long breakdown of relationship between plaintiff

and the WVSAO, on August 12, 2021, defendant Rollyson filed a

petition with the Magistrate Court of Kanawha County, West

Virginia, for the issuance of a Personal Safety Order ("PSO")

against plaintiff, wherein Rollyson stated that the PSO was

necessary because plaintiff made "repeated credible threats of

bodily injury knowing or having reason to know that the threats

caused reasonable fear for safety in violation of <u>West Virginia</u>

<u>Code § 53-8-4(a)(3)</u>."  ECF No. 22-3 at 2.

The Kanawha County Magistrate Court, acting by Magistrate Shelton, issued the PSO on August 20, 2021. <u>See</u> ECF No. 22-3 at 3. The PSO, endorsed by Magistrate Shelton on August 20, 2021, expired after one year on August 20, 2022. <u>Id.</u> The PSO prescribed the following two pertinent restrictions, the first relating to the Auditor's Office and its General Counsel, and the second related specifically to the petitioner Rollyson:

> (1) Respondent [Folse] shall not have verbal contact with the WVSAO or the General Counsel. All communication shall be via email or USPS.

> (2) Respondent [Folse] shall refrain from contacting, attempting to contact, or harassing the person(s) named above [Rollyson], directly or indirectly, or through third party, regardless of whether those third parties know of this Order.

<u>Id.</u> at 2.

Plaintiff appealed the PSO to the Kanawha County Circuit Court which affirmed the PSO after plaintiff failed to appear for a scheduled hearing. <u>See</u> ECF No. 56-1 at 3. He appealed to the Supreme Court of Appeals of West Virginia, which affirmed the circuit court order. <u>J.F. v. G.R.</u>, No. 21-0813, 2022 WL 17592199, at *1 (W. Va. Dec. 13, 2022). The Supreme Court found that the PSO "prohibit[ed] petitioner [Folse] from contacting, attempting to contact, or harassing respondent [Rollyson] either directly or indirectly through other state employees," and "forbade petitioner from having verbal contact

4

with various offices associated with respondent's official position, limiting petitioner's communication with those offices to e-mail and the United States Postal Service." Id. Since the PSO was already then expired, the court denied plaintiff's appeal as moot. Id. at 2.

Plaintiff alleges in the operative complaint that "[d]efendants collectively conspired to file for a [PSO] for the improper purpose to exclude the [p]laintiff from tax sales, to bar him from obtaining tax deeds to properties he already purchased, and to put him in a catch 22 situation where he would be forced to either violate [the PSO] or lose his investment of hundreds of thousands of dollars." ECF No. 32 at ¶ 43. It is clear from the language of the order, as quoted above, that the PSO did none of those things.

Plaintiff alleges various counts under 42 U.S.C. § 1983. See id. As to defendant Looney, plaintiff alleges that Looney "filled out and signed a criminal complaint for the charge of violating [the PSO]." Id. at ¶ 50. The criminal complaint, filed with Magistrate Hall on October 19, 2021, states the grounds for the assertion that Folse had violated the terms of the PSO as follows:

> Defendant [Folse] filed a lawsuit against Deputy
> Auditor Rollyson and Auditor McCuskey.  Defendant
> attempted to notice a multi-day deposition of both
> individuals.  On October 18, 2021, the Circuit Court
> of Ohio County issued an Order quashing the deposition
> notice as Defendant's " . . . attempt to take these
> depositions was undertaken for an improper purpose."
> Later that day, Defendant began posting comments on
> State Auditor J.B. McCuskey's personal Facebook page.
> Said comments were numerous and clearly done with the
> intent to abuse, harass and violate the terms of the
> Final Personal Safety Order entered by Magistrate
> Shelton.  Further, Defendant has emailed Deputy
> Auditor Rollyson on several occasions since the
> issuance of the Final PSO in what can be characterized
> as an unprofessional and harassing manner.

ECF No. 51-3 at 3.  Based on this submission, Kanawha Magistrate
Brent Hall found probable cause for plaintiff's arrest for
violation of the PSO and issued an arrest warrant.  ECF No. 32
at ¶ 51.  Plaintiff was arrested at a tax auction sale in Marion
County, and "was held in North Central Regional Jail."  Id. at ¶
54-56.  Ultimately, the charges against plaintiff were
voluntarily dismissed by the Kanawha County prosecutor.  Id. at
¶ 111.

        Plaintiff maintains that there was a lack of probable
cause for the issuance of a warrant, contending the criminal
complaint's assertions that he "filed a lawsuit," "attempted to
notice a multi-day deposition," and "posted comments on State
Auditor J.B. McCuskey's personal Facebook page" were not
violations.  ECF No. 119 at 14.  Plaintiff, in his objections,

is silent as to the fourth alleged PSO violation, relating to the emails sent to defendant Rollyson.  See id.

        The first two alleged violations relate to a lawsuit by plaintiff against defendants Rollyson and McCuskey in the Circuit Court of Ohio County, West Virginia, filed on September 13, 2021, with respect to five tax liens he had purchased and for which he sought deeds.  See Final Order, Folse v. Rollyson and McCuskey, No. 21-C-149 (Cir. Ct. of Ohio Cnty., W. Va. January 19, 2022).  At the start of that case, before defendants responsive pleading was due, plaintiff unilaterally filed a notice of defendants' depositions, which the circuit judge ordered quashed.  See Order Quashing Notice, Folse, No. 21-C-149 (October 15, 2021).  The case was ultimately dismissed four months later on January 19, 2022, on defendants' motion.  Final Order, Folse, No. 21-C-149 (January 19, 2022).  On June 13, 2023, the dismissal was affirmed by the Supreme Court.  See Folse v. Rollyson, No. 22-0130, 2023 WL 3963835 (W. Va. June 13, 2023).

                                B.

        In this action, on April 1, 2024, plaintiff filed a "Notice of Deposition of John McCuskey Jr."  ECF No. 75. Therein, plaintiff sought to schedule the deposition of defendant McCuskey on a specific date and time but included no

                                7

location.  Id.  Defendants filed, on April 4, 2024, a motion to quash the noticed deposition, asserting that the notice was deficient inasmuch as plaintiff unilaterally scheduled the deposition at a time when defendants were unavailable, and that plaintiff was seeking to depose defendant McCuskey for an improper purpose.  See ECF No. 78.

Magistrate Judge Tinsley entered an order on February 5, 2025, in which he reviewed the parties' well-documented and longstanding history of interpersonal conflict.  In view of all the circumstances, Judge Tinsley aptly concluded that defendants' motion to quash should be and was granted insofar as it sought to quash the deposition of defendant McCuskey by oral administration under Rule 30, and otherwise denied it so as to permit plaintiff to depose defendant McCuskey by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure or, alternatively, by written interrogatories pursuant to Rule 33.  ECF No. 101; see also Fed. R. Civ. P. 31, 33.

After plaintiff's noncompliance with that order, on April 4, 2025, Magistrate Judge Tinsley granted defendants' motion entitled "Motion for Enforcement of the Court's February 5, 2025, Order" (ECF No. 102), finding that plaintiff waived his opportunity to depose defendant McCuskey and relieving the defendant from any obligation to respond to the notice of

deposition from plaintiff. ECF No. 104. Plaintiff filed an objection with the undersigned judge to Magistrate Judge Tinsley's order on April 18, 2025. ECF No. 108.

Although it is stated in the PF&R that is the subject of this memorandum opinion and order that the matter remained pending in the district court, the undersigned judge, on May 14, 2025, adjudicated plaintiff's objections to the April 4, 2025, order, stating that "[p]laintiff substantially prevailed in his endeavor to depose defendant McCuskey . . . [but] [p]laintiff's failure to abide by the procedure to accomplish the deposition resulted in the consequences described in the April 4, 2025, order." ECF No. 116 at 13. The undersigned judge further noted:

> While plaintiff is correct that pro se litigants are generally afforded leeway regarding litigation errors, the court notes the well-documented history of plaintiff filing numerous lawsuits in this District, his recent argument at the Supreme Court of Appeals of West Virginia, and his self-identification as a law student. Accordingly, Judge Tinsley had reason to conclude that plaintiff's pro se status should not justify his failure to abide by the clear directives of the order of February 5, 2025.

Id. at 17.

C.

Defendants Foreman and Looney ("the police defendants") filed their joint motion for summary judgment (ECF No. 86) on the operative dispositive motion deadline, May 24, 2024. Defendants Connolly, Hopkins, McCuskey, Jr., Nusbaum, and Rollyson, Jr. ("the auditor defendants") filed their joint motion for summary judgment (ECF No. 88) on the same day. Plaintiff's responses to the motions were due two weeks later. See ECF No. 69. On June 10, 2024, plaintiff filed a motion to extend the response deadline, asking for an indeterminate extension because "[t]here [had] been no discovery exchanged between the parties" and "[t]he Plaintiff is not at fault for the discovery not being exchanged." ECF No. 95 at 1. Although the court found "that plaintiff [had] failed to show good cause for an extension of time to respond," the magistrate judge granted plaintiff's motion "out of an abundance of caution," extending the time for plaintiff to respond to April 30, 2025. ECF No. 105 at 1 (filed April 7, 2025).

On April 30, 2025, nine minutes before plaintiff's extended deadline to respond to defendants' dispositive motions, plaintiff filed a second motion to extend the response deadline, asserting "[plaintiff] [had] not started preparing that response . . . [he] is currently in law school . . . completing academic

assignments and preparing for finals." ECF No. 111 at 1. The next day, Magistrate Judge Tinsley, "to fully consider the requested extension," ordered that plaintiff "submit a copy of his law school final examination schedule, signed by either the Dean or the Registrar . . . no later than . . . May 12, 2025." ECF No. 113 at 2. After plaintiff failed to comply with the court's order, Magistrate Judge Tinsley denied his second motion to extend, stating, "[d]efendants filed their subject dispositive motions . . . nearly a year ago . . . [p]laintiff has had a meaningful opportunity to prepare a response to the motions, but has chosen not to do so." ECF No. 114 at 2.

As earlier noted, Magistrate Judge Tinsley filed his PF&R on May 14, 2025, ultimately recommending that the undersigned judge deny plaintiff's motion for sanctions, grant defendants' respective motions for summary judgment and/or dismiss plaintiff's claims as a sanction pursuant to Rule 41(b), and dismiss the case from the court's active docket. ECF No. 115 at 24–25. As also earlier noted, plaintiff timely filed his objections thereto on June 2, 2025. ECF No. 119.

## II. GOVERNING STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made. See Thomas v. Arn, 474 U.S. 140 (1985). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); see also United States v. Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)("De novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific order . . . ."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any

12

explanation for adopting the [PF&R].” <u>United States v.
Hernandez-Aguilar</u>, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

<u>III. ANALYSIS</u>

A.   Plaintiff's Objections to Denial of His Motion for Sanctions

Plaintiff initially motioned the court for sanctions related to defendants' discovery practices in this case “for [their] refusal to schedule depositions, the filing of a frivolous motion to quash, and refusing to respond to written discovery.”  ECF No. 107 (filed April 18, 2025) at 1.  Plaintiff expresses the same alleged concerns in his objections.  <u>See</u> ECF No. 119 (“The reason why discovery did not commence is not the fault of [plaintiff] but rather the Defendants' fault as they refused to schedule depositions or answer any written discovery.”).

Magistrate Judge Tinsley duly states that “discovery in this case closed more than one year ago, on May 3, 2024, . . . plaintiff did not file any timely motion to compel [defendants] to respond to discovery he claims to have served . . . .”  ECF No. 115 at 14.  Indeed, plaintiff did not file any discovery motions alerting the court to the alleged deficiencies until his April 18, 2025, motion for sanctions, nor did he file

any timely motions attempting to extend or otherwise modify discovery.

In regard to defendant McCuskey's deposition, as discussed above, plaintiff substantially prevailed in procuring the deposition — by written question or by written interrogatory — but failed to follow the procedure clearly set forth by Magistrate Judge Tinsley and the designated, applicable Rules of Civil Procedure.  In regard to the deposition of defendant Rollyson, Magistrate Judge Tinsley correctly notes that "the record is devoid of any indication that Rollyson was served with proper notice . . . ."  Id. at 15.  For the reasons found by Magistrate Judge Tinsley, plaintiff's objections to the denial of his motion for sanctions are denied.

B.   Plaintiff's Objections Regarding Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Material" facts are those necessary to establish the elements of a party's cause of action.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010).  A dispute of material facts is "genuine" if, in viewing the record and all reasonable

inferences drawn therefrom in the light most favorable to the non-moving party, a reasonable fact finder could return a verdict for the non-moving party.  See Anderson, 477 U.S. at 248.

The moving party is entitled to summary judgment if the record as a whole could not lead a trier of fact to find for the non-moving party.  See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Further, a non-movant who "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial" loses at the summary judgment stage.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

1.    The Capitol Police Defendants

Magistrate Judge Tinsley recognizes that the relevant arrest underlying plaintiff's claims "was carried out based on an arrest warrant issued by [] Kanawha County Magistrate [Brent Hall], who expressly found that there was probable cause to arrest the Plaintiff."  ECF No. 115 at 16.  Magistrate Hall found probable cause based on facts supplied by defendant Looney in a criminal complaint.  Id. at 4.

Magistrate Judge Tinsley states that in contrast, plaintiff "has not submitted any evidence from which a reasonable jury could conclude that his arrest was unsupported

by probable cause." <u>Id.</u> at 16.  Thus, Magistrate Judge Tinsley recommends granting the police defendants' motion for summary judgment as "[they] have met their burden of demonstrating the absence of material fact with respect to the issue of probable cause." <u>Id.</u> (citing <u>Somers v. Devine</u>, 132 F.4th 689, 697 (4th Cir. 2025) ("[T]he presence of probable cause defeats retaliatory arrest, unlawful arrest, and malicious prosecutions claims alike.")).  The police defendants in their motion for summary judgment assert that they are entitled to qualified immunity from plaintiff's constitutional claims because their "actions were based on probable cause."  ECF No. 87 at 7.

Plaintiff objects to Magistrate Judge Tinsley's analysis because "a magistrate's finding of probable cause is only a factor in evaluating whether there was actually probable cause for an arrest in the context of a malicious prosecution claim." ECF No. 119 at 14 (citing <u>Hupp v. Cook</u>, 931 F.3d 307, 324 (4th Cir. 2019)).  Plaintiff asserts:

> [I]t is not disputed that the warrant was obtained by one of the Capitol Police Defendants for violating a Personal Safety Order.  The conduct alleged was that Folse "filed a lawsuit," "attempted to notice a multi-day deposition," and "posted comments on State Auditor J.B. McCuskey's personal Facebook page."  Although these specific allegations are largely accurate, they could not possibly support probable cause for violating a [PSO] which was granted to Defendant Rollyson.  <u>The officer made false statements that these actions violated the [PSO]</u> when they did not.

Id. (emphasis added).

The Fourth Circuit, in the Hupp case on which plaintiff relies, opined that "a defendant to a malicious prosecution claim is not absolved from liability when the magistrate's probable-cause finding is predicated solely on a police officer's false statements." Hupp, 931 F.3d at 324 (internal quotations omitted). In Hupp, there was evidence indicating that the officer defendant misrepresented facts contained in the relevant criminal complaint. Id. at 325.

The circumstances in Hupp are readily distinguishable from the circumstances in this case. First, plaintiff is not arguing that the police defendants misrepresented the factual circumstances culminating in the arrest of plaintiff; rather, he contends that one of them, Officer Looney, "made false statements that [plaintiff's] actions violated the [PSO] . . . ." ECF No. 119 at 14. Plaintiff, then, concedes that the state magistrate who issued the warrant was not operating on false statements made by Officer Looney with respect to the factual circumstances culminating in plaintiff's arrest. Id. The state magistrate in turn made an independent determination that the relevant PSO was violated based on the factual circumstances alleged by Officer Looney.

Further, plaintiff does not offer any evidence from which a jury could conclude that Officer Looney made false statements in regard to the factual circumstances resulting in his arrest.  Thus, there is no genuine dispute as to any material fact on the matter.

"Probable cause is determined by a totality-of-the-circumstances approach.  The inquiry turns on two factors: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct."  Hupp, 931 F.3d at 318 (internal citations and quotations omitted).  The court looks to "whether a reasonably prudent officer with [available information] would have thought that probable cause existed for the arrest."  Id.

On October 19, 2021, plaintiff was deemed by Magistrate Hall to be in violation of West Virginia Code § 53-8-11(a), which provides that: "An individual who fails to comply with the relief granted in a temporary personal safety order or a final personal safety order entered pursuant to this article is guilty of a misdemeanor . . . ."  W. Va. Code § 53-8-11(a). The PSO specifically prevented plaintiff from "contacting, attempting to contact, or harassing [defendant Rollyson], directly or indirectly, or through third part[ies] . . . ."  ECF

18

No. 22-3 at 2.  The uncontested facts presented in the criminal complaint can be distilled into four alleged violations:

> (1)  Plaintiff filed a lawsuit in the Circuit Court of Ohio County against defendants Rollyson and McCuskey.
>
> (2)  Plaintiff filed a notice in that lawsuit, which was quashed by order of the circuit court, unilaterally noticing the depositions of defendants Rollyson and McCuskey.
>
> (3)  Plaintiff posted "numerous" comments on defendant McCuskey's personal Facebook page.  Defendant Looney characterized the comments as posted "with the intent to abuse, harass and violate" the PSO.
>
> (4)  Plaintiff sent several emails directly to defendant Rollyson.  Defendant Looney characterized the correspondence as "harassing."

See ECF No. 51-3 at 3.

First, the court gives no weight to the mere fact plaintiff filed a lawsuit against defendants Rollyson and McCuskey while the PSO was active.  Nothing in the PSO precluded plaintiff from the use of the courts to seek redress of plaintiff's claims.  However, it is noted that the state circuit court in the relevant lawsuit granted a motion to quash plaintiff's unilaterally scheduled depositions of defendants Rollyson and McCuskey.  See Order Quashing Notice, Folse, No. 21-C-149 (October 15, 2021).  Plaintiff attempted to schedule these depositions through a "Notice of Taking of Deposition" filed before the defendants' responsive pleading was due.  Id.

at 2.  While plaintiff's premature move to take those depositions was a procedural error on his part, it is noted that the circuit court, acting by the Honorable Michael Olejasz, stated that on September 29, 2021, prior to the plaintiff's deposition notice filing, plaintiff sent an email "demanding that Mr. Rollyson obtain an affidavit from a third-party process server in an unrelated Federal Court lawsuit."  Id. at 2–3.  The Ohio Circuit Court granted defendants' motion to quash, noting:

> In that email, [plaintiff] states that if the Auditor's Office does not cave to that demand that "I promise that if I have to depose the process server and do formal discovery to get this information that I will repay the favor to you in this litigation." [Plaintiff] is referencing the current lawsuit before this Court.  [Plaintiff] goes on to state "[h]ow does a three day long deposition of you and McCuskey sound?"  Based on [plaintiff's] own statements, these depositions were noticed for an improper purpose.

Id. at 3.

On October 17, 2021, plaintiff sent an email directly to defendant Rollyson regarding the order, asserting, "You and McCuskey got out of the deposition by getting lucky.  Not all judges are as corrupt as Olejasz."  ECF No. 1-1 at 13.

Indeed, plaintiff sent several emails directly to defendant Rollyson during the PSO's active period.  See id.  An email sent to defendant Rollyson, on August 24, 2021, just four days after entry of the PSO, stated, "I am also advising you

20

that you are not to call me or I will call the police and report
you for phone harassment.  You and your staff have called me
multiple times and used profanity, mocked me, and tricked me
into meeting you in person so that you could assault me."  ECF
No. 1-1 at 9.  A September 12, 2021, email sent to defendant
Rollyson read, "I am also sending this to McCuskey senior.
Hopefully, JB will be embarrassed for his father to know what is
going on in his office.  He's supposed to be a Republican that
is against silly bureaucrats like you."  Id. at 21.  A September
28, 2021, email to defendant Rollyson asserted, "[Y]ou have
taken outrageous actions against me including filing a frivolous
personal safety order and claimed that I was going to come to
your house and assault your family."  Id. at 3.

Plaintiff also does not contest posting "numerous"
comments on the Facebook page of defendant McCuskey -- who was
undoubtably a "third party" as contemplated in the PSO -- during
the PSO's active period.  The criminal complaint ascribes an
abusive, harassing nature to the comments, and plaintiff
provides no evidence at the summary judgment stage to the
contrary.

The sheer volume of these email communications by
plaintiff to defendant Rollyson during the initial two months of
the one-year PSO amply support Officer Looney's affidavit

21

asserting "several" emails by plaintiff to defendant Rollyson, each of which was in direct violation of the PSO.

With respect to the face of the criminal complaint, the court notes that mere conclusory allegations of plaintiff's violations do not, on their own merit, suffice for probable cause. Giordenello v. United States, 357 U.S. 480, 486, 78 S. Ct. 1245, 1250, 2 L. Ed. 2d 1503 (1958) ("[The magistrate] should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime."); United States v. Wilhelm, 80 F.3d 116, 119 (4th Cir. 1996) ("Appellate courts should pay great deference to magistrates' findings of probable cause. But this does not mean that warrants based on conclusory allegations should be upheld . . . .") (internal citations and quotations omitted).

Defendant Looney's characterization of the Facebook comments as posted "with the intent to abuse, harass and violate" the PSO and his characterization of plaintiff's direct emails to defendant Rollyson as "harassing" are conclusory, though the emails warrant that allegation.

However, it is also not required "that each factual allegation which the affiant puts forth [] be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint." Jaben v. United

States, 381 U.S. 214, 224, 85 S. Ct. 1365, 1371, 14 L. Ed. 2d 345 (1965).  "It [is] simply require[d] that enough information be presented to the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process."  Id.

Defendant Looney's conclusory characterizations are not the entirety of the criminal complaint.  The detail provided in his complaint evidences defendant Looney's personal knowledge of the factual circumstances, consistent with probable cause jurisprudence.  See Giordenello, 357 U.S. at 486, 78 S. Ct. at 1250 ("[Complaining officer]'s testimony at the suppression hearing clearly showed that he had no personal knowledge of the matters on which his charge was based.").  Thus, enough information was presented to the magistrate for him to appropriately find that the "charges [were] not capricious and [were] sufficiently supported to justify bringing into play the further steps of the criminal process."  Jaben, 381 U.S. at 224, 85 S. Ct. at 1371.  That the criminal process did not proceed past the plaintiff's arrest is of no moment to the determination of probable cause.

Indeed, without regard to defendant Looney's conclusory characterizations or the other three alleged

violations, that plaintiff sent several email correspondences directly to defendant Rollyson was itself a clear violation of the PSO which specifically barred plaintiff from "contacting [or] attempting to contact" Rollyson.  Thus, probable cause existed for plaintiff's arrest.

In the presence of that probable cause, the police defendants, as they assert, are entitled to qualified immunity from plaintiff's constitutional claims:

> Officers are immune from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have been known.
>
> . . . .
>
> [The analysis] turns on the question of whether [the Officer] was objectively reasonable in believing that probable cause existed to arrest [plaintiff].  Indeed, the presence of probable cause defeats retaliatory arrest, unlawful arrest, and malicious prosecutions claims alike.

Somers, 132 F.4th at 696–697 (internal citations and quotations omitted).

Inasmuch as probable cause did exist for plaintiff's arrest, the police defendants are entitled to qualified immunity and plaintiff's objections thereto are overruled.

2.      The Auditor Defendants

Magistrate Judge Tinsley states that plaintiff failed to submit "any evidence that the Auditor Defendants had any role in having [plaintiff's] arrest warrant issued or played any role in the arrest or prosecution of the Plaintiff . . . ." ECF No. 115 at 17. Further, plaintiff "ha[d] not submitted any evidence from which a reasonable jury could conclude that his arrest was unsupported by probable cause." Id.

Plaintiff objects to Magistrate Judge Tinsley's analysis because "it is simply not logical to assume that the alleged victim in a case had no role in procuring an arrest . . . it can be inferred that, at the least, Defendant McCuskey played a role in procuring the arrest." ECF No. 119 at 15. Plaintiff also asserts that "[defendants] have provided no evidence to support the position that the Auditor Defendants played no role in having [plaintiff] arrested . . . [t]herefore, the burden has not shifted to plaintiff to prove that there is a genuine dispute of material facts." Id.

Inasmuch as the court has determined that probable cause did exist for plaintiff's arrest, there has been found no constitutional violation in which the auditor defendants could have participated. Thus, plaintiff's objections thereto are overruled.

C.    Plaintiff's Remaining Claims

Plaintiff alleges, in addition to his constitutional claims, the state law claim of intentional infliction of emotional distress ("IIED").  See ECF No. 32 at 23.  Plaintiff asserts that defendants caused him emotional distress "by conjuring up the plot to have the [p]laintiff arrested without probable cause."  Id. at ¶ 118.

To establish a West Virginia claim for IIED, plaintiff must establish, along with three other elements, "that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency . . . ."  Hatfield v. Health Mgmt. Assocs. of W. Virginia, 223 W. Va. 259, 262, 672 S.E.2d 395, 398 (2008) (internal citations and quotations omitted).

Inasmuch as the court has found that probable cause did exist for plaintiff's arrest, defendants' routine facilitation of plaintiff's arrest for which there was probable cause cannot rise to the level of "extreme and outrageous" conduct required to prevail on a claim of IIED.

Plaintiff also seeks declaratory and injunctive relief relating to the PSO and the scope of its restrictions.  See ECF No. 32 at ¶¶ 139−147.  These requests are moot, inasmuch as the PSO is no longer active.

In view of the foregoing, there is no need to address the additional ground presented by the magistrate judge for dismissal of plaintiff's complaint as a sanction based on plaintiff's misconduct during this proceeding.

### IV. CONCLUSION

Accordingly, it is ORDERED that:

(1)    The plaintiff's objections (ECF No. 119) be, and hereby are, OVERRULED;

(2)    The findings and recommendation in the Magistrate Judge's Proposed Findings and Recommendation (ECF No. 115) as set forth above be, and hereby are, ADOPTED by the court and incorporated herein;

(3)    Plaintiff's pro se "Motion for Discovery Sanctions Against Defendants Rollyson and McCuskey" (ECF No. 107) be, and hereby is, DENIED;

(4)    Defendants Kevin Foreman and Wallace Looney's "Motion for Summary Judgment" (ECF No. 86) be, and hereby is, GRANTED;

(5)    Defendants John B. McCuskey, Jr., G. Russell Rollyson, Jr., Lisa Hopkins, Stephen Connolly, and Michael Nusbaum's "Defendants' Motion for Summary Judgment" (ECF No. 88) be, and hereby is, GRANTED; and

(6)    This action be, and hereby is, DISMISSED from the
docket of this court.

The Clerk is directed to transmit copies of this order
to all counsel of record, any unrepresented parties, and the
United States Magistrate Judge.

ENTER:  October 22, 2025


John T. Copenhaver, Jr.
Senior United States District Judge